IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LORENZO HOWARD | § | |
| v. | § | CIVIL ACTION NO. 6:06cv446 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Lorenzo Howard, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the legality of his conviction.  This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Howard was convicted in a jury trial on charges including a RICO conspiracy, a drug distribution conspiracy and substantive distribution counts, violent crimes in aid of racketeering, use or carrying of firearms during and in relation to crimes of violence and drug trafficking crimes, possession of an illegal firearm, witness tampering, and being a felon in possession of a firearm.  He received a sentence of 131 years in prison.

Howard thereupon took a direct appeal, in which he argued that the convictions were not supported by sufficient evidence, the sentence was disproportionate to the crimes, and the district court committed errors with relation to the U.S. Sentencing Guidelines.  Howard's appeal was rejected by the Fifth Circuit, and his application to the United States Supreme Court for a writ of certiorari was denied.  U.S. v. Howard, 127 Fed.Appx. 692 (5th Cir., March 18, 2005) (not selected for publication in the Federal Reporter), *cert. denied*, 126 S.Ct. 147 (2005).

1

The Magistrate Judge summarized Howard's claims in his Section 2255 motion as follows:

> (1) his RICO conviction should be vacated because the Government failed to prove beyond a reasonable doubt that Howard entered into an agreement to possess with intent to distribute and distribution of methamphetamine, cocaine, and cocaine base; (2) his due process rights were violated by the Court's use of sentencing enhancements and in light of the constitutionality of the mandatory use of the Sentencing Guidelines; (3) the firearms counts must be vacated because the Government overlooked certain important matters, including the fact that the Government cannot charge him along with other persons under the firearms counts, 18 U.S.C. §924(c), without a conspiracy statute, and the fact that the Government failed to relate each firearm count to a separate offense precluded the convictions for use of a firearm during or in relation to a crime of violence; (4) Howard received ineffective assistance of counsel in that his attorney failed to object to the above Fifth Amendment violations and failed to provide the minimally expected level of expertise at sentencing.

In an attached memorandum, Howard argues at length that there was no evidence to show that he ever agreed to work with either the sellers or the buyers of the drugs to achieve a common goal or advance a common interest.  Instead, he says that the evidence showed that the gang members each sold their own drugs, without any agreements among themselves.

Second, Howard says that the district court should not have given him consecutive sentences for multiple uses of firearms to advance a single conspiracy.  He cites U.S. v. Privette, 947 F.2d 1259 (5th Cir. 1991) to say that the imposition of consecutive sentences for multiple uses of firearms to advance a single federal drug trafficking crime violates the Double Jeopardy Clause because each firearm offense has to be linked to a separate drug trafficking offense.

Third, Howard says that he is actually innocent of violating the "use and carry" firearms statute because the evidence shows that he never did so himself; instead, Howard argues, he was in prison when most of the crimes or drug transactions occurred.  He states that not a single one of the overt acts listed in the indictment were committed by him, citing Bousley v. United States, 118 S.Ct. 1604 (1998).

Fourth, Howard says that his sentence of 1,582 months must be set aside because he was sentenced years before his first conviction under 18 U.S.C. §924(c) became final, citing Haley v. Dretke, 158 L.Ed.2d. 659 (2004).

Fifth, Howard appears to argue that Section 924(c)(1) is unconstitutional because is exceeds the powers of Congress under the Commerce Clause, citing U.S. v. Lopez, 2 F.3d 1342 (5th Cir. 1993).  He also says that the district court erred by failing to instruct the jury on "active employment of firearms," inasmuch as the firearm is an "operative factor in relation to the predicate offense," which is a necessary element of "use and carry" under Supreme Court precedent.  He says that Bailey v. United States, 516 U.S. 137 (1995) requires a showing of more than mere possession of a firearm by a person who commits a drug crime or crime of violence.

The Magistrate Judge ordered the Government to respond to Howard's motion.  The Government's response says that Howard's claims concerning the sufficiency of the evidence for his conviction and the propriety of his conviction and sentence under Section 924(c) were raised and rejected in his direct appeal, and that issues raised and rejected on direct appeal cannot be re-litigated in a Section 2255 proceeding even if couched in terms of ineffective assistance of counsel.  The Government also argued that Howard's firearms counts were properly related to separate predicate offenses and thus outside the realm of double jeopardy.

Howard argued in response that he is not precluded from raising claims of ineffective assistance of counsel on appeal, that the evidence presented in his case showed that there was no "meeting of the minds" and thus no conspiracy, that he was "prejudiced by the crimes of his co-defendants," and that there were not separate predicate offenses because there was only one conspiracy.

On his direct appeal, the Fifth Circuit observed that the testimony at trial showed that Howard was one of the principal members of a gang called the East Side Locos (ESL's) operating in Tyler, Texas.  Of the 131-year sentence which he received, 110 years were attributable to the five gun counts on which he was convicted; this was the result of mandatory minimum, consecutive sentences established by Congress in 18 U.S.C. §924(c).  Howard received a 10-year sentence for Count 12 and 25-year consecutive sentences for each of the four subsequent firearms counts.  The Fifth Circuit rejected Howard's sufficiency claims and found no error in the district court's application and calculation of the Sentencing Guidelines.

The Magistrate Judge then turned to the claims raised by Howard in his Section 2255 proceeding.  The Magistrate Judge concluded that: (1) Howard's claim of insufficiency of the evidence was foreclosed because it was or could have been raised on direct appeal, and that it had no merit in any event; (2) the complaint about the firearms convictions was also foreclosed because it was or could have been raised on direct appeal; (3) Howard failed to show that he had received ineffective assistance of counsel; (4) the firearms offenses were properly linked to separate predicate

3

offenses; (5) Howard was responsible for the acts of his co-conspirators done in furtherance of the conspiracy; (6) Howard failed to show any Booker error; (7) Howard's complaint that his multiple convictions under 18 U.S.C. §924(c) had to be vacated because the convictions could not be used to enhance one another was without merit; and (8) Howard's contention that Section 924(c)(1) was beyond the powers of Congress as set out in the Commerce Clause was without merit.   Howard filed objections to the Report of the Magistrate Judge on July 12, 2007.

In his objections, Howard argues first that counsel rendered ineffective assistance by failing to argue at trial that there was no evidence to convict him of conspiracy, where the Government presented no evidence to show that Howard reached an agreement to distribute over grams of methamphetamine and over 50 grams of cocaine base.   As stated by the Fifth Circuit on direct appeal, there was ample evidence offered to support the charges brought.   In addition, as stated by the Magistrate Judge, Howard's attorney twice moved for a judgment of acquittal based on lack of evidence, which motion was denied each time.   Howard's objection on this basis is without merit.

Second, Howard argues that his Section 924(c) convictions must be linked to separate predicate offenses but were not.   He argues that "overt acts" are not the same as "predicate offenses." However, the Fifth Circuit has stated that drug trafficking crimes separated by the measure of double jeopardy clause can each support Section 924(c) convictions, and a conspiracy and its target crimes are separate offenses for this purpose.   U.S. v. Privette, 947 F.2d 1259, 1262 (5th Cir. 1991).   In this case, as the Magistrate Judge set out, the offenses supporting the multiple firearms convictions were separated by the measure of double jeopardy.   Consequently, these offenses can support the separate firearms convictions.   Howard's objection on this ground is without merit.

Third, Howard says that the predicate acts were not charged as substantive offenses, nor were they submitted to the jury separately, and Howard never admitted to the facts nor were they reflected in the jury verdict.   However, the jury verdict shows that Howard was found guilty on counts 12, 13, 15, 16, and 17, each of which named separate predicate offenses (on June 15, June 20, and October 15 of 2001, and April 12 and May 2, 2001).   These separate offenses are clearly

4

separated by the measure of double jeopardy, and so can support multiple firearms convictions. Howard's objection on this point is without merit.

Fourth, Howard says that "federal crimes are defined by Congress, not the courts" and says that the Court has created a new crime, "conspiracy to use and carry a firearm."  He argues, as he did in his original petition, that he should not have been found guilty of crimes which were actually committed by other persons while he was in jail.  This contention is without merit because, as explained by the Magistrate Judge, Howard is liable for acts of his co-conspirators done in furtherance of the conspiracy.  While he argues that there was no "meeting of the minds" and thus no conspiracy, the Fifth Circuit stated in his direct appeal that sufficient evidence existed to support the conspiracy conviction.  Howard's claim on this point is without merit.

Finally, Howard says that his rights were violated when his sentence included enhancements for distribution of more than 50 grams of methamphetamine and more than 50 grams of cocaine base, without a jury determination of the amount of drugs attributable to Howard himself. He overlooks the fact that he is responsible for the drugs attributable to his co-conspirators.  *See* U.S. v. Cooper, 275 F.3d 230, 238 (5th Cir. 2001) (base offense level for a defendant convicted of a drug offense is determined by the amount of drugs involved, including the drugs for which the defendant is directly responsible and the drugs that can be attributed in a conspiracy as relevant conduct).  This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Movant's motion to vacate sentence, the answer filed by the Government, the Movant's response thereto, the records of the trial, the Report of the Magistrate Judge, the Movant's objections thereto, and all other pleadings and documents in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit.  It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice.  28 U.S.C. §2255.  It is further

ORDERED that any and all other motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 5th day of September, 2007.**

_____

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**